FRATERNAL ORDER OF EAGLES V. STATE OF ARKANSAS

5-4901                                      439 S.W. 2d 36

Opinion Delivered April 7, 1969

*Fitton, Meadows & Adams* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

LYLE BROWN, Justice.    This is an appeal from a permanent injunction issued against the Fraternal Order of Eagles, Aerie 3183, Baxter County, at the instance of the prosecuting attorney on behalf of the State.   The subject of the injunction was the sale of alcoholic beverages by the club.    Appellant here contends that the dispensing of mixed drinks to members of a non-profit club in a "dry" county does not constitute a sale of alcoholic beverages.    Alternatively, it is insisted that the dispensing of drinks by a private club to its members, even if considered illegal, does not constitute a public nuisance within the meaning of Ark. Stat. Ann. § 34-101 (Repl. 1962).[1]

The facts on appeal are stipulated.    A lawful search of the lodge in July 1967 resulted in the confiscation of 250 cases of intoxicants and six slot machines. The lodge was operating a bar from which mixed drinks

---

[1] It is not contended that appellant possessed any type of permit which purportedly would have authorized it to dispense intoxicants in a dry county.

were served to members and guests for cash. A few days thereafter the prosecuting attorney filed a petition against the lodge to abate a nuisance, proceeding under Ark. Stat. Ann. §§ 34-101, 110. A temporary order was entered closing the building pending a final hearing, as authorized by § 34-104. At the final hearing the injunction was made permanent pursuant to § 34-106. The legal effect of that order was to enjoin the defendants from engaging in unlawful activities forming the basis of the nuisance.

Section 34-101 declares the unlawful sale of liquors "in any building, structure, or place in this State" to constitute a public nuisance. The recited statute authorizes the abatement to go against the premises from which the violator is operating. Baxter County is legally a dry county. Ark. Stat. Ann. § 48-811 (Repl. 1964) makes it unlawful to "sell, barter, or loan, directly or indirectly any beverage containing alcohol" in a dry county.

The court made a finding that the sale of alcoholic beverages had been actively carried on under the direction of the lodge officers. There was ample evidence to justify that conclusion. The volume of business was such that an inventory of 250 cases of intoxicants was on hand at the time of the raid. The number of members of the order is not in the record but the utilization of six slot machines is indicative of substantial patronage. Also, the club was enjoying sufficient profits from its "projects" to finance a new lodge and golf course.

We have no hesitancy in sustaining the trial court's ruling that the substantial sale of intoxicants from the lodge building by its operating officers brought appellant within the practice condemned as a nuisance by the provisions of § 34-101.

Affirmed.